1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNIT 53, INC.,                        Case No. 2:24-cv-01718-DJC-CSK

12              Plaintiff,

13        v.                               ORDER GRANTING PLAINTIFF'S
                                           MOTION TO COMPEL
14   RUN ROADLINES,INC., et al.,
                                           (ECF No. 25)
15              Defendants.

16

17
         Plaintiff Unit 53, Inc. moves to compel Defendants Run Roadlines, Inc., Manpreet
18
     Randhawa, and 3515 Hwy 99, LLC to serve their initial disclosures and to respond to
19
     Plaintiff's interrogatories, requests for production, and requests for admission.[1] (ECF No.
20
     25). Plaintiff also seeks reasonable expenses, including attorneys' fees, for having to file
21
     the motions to compel. Pl. Mot. Compel (ECF No. 25-1 at 8-9). Pursuant to Local Rule
22
     251(e), Plaintiff's motion is excepted from the requirement for Joint Statements re
23
     Discovery Disagreement and was set for hearing on December 17, 2024. *See* E.D. Cal.
24
     L.R. 251(e); Pl. Mot Compel at 5-6. Though Defendants' response to the motion to
25
     compel was due December 10, 2024, Defendants never responded to Plaintiff's motion.
26

27   _____
     [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
28   Civ. P. 72, and Local Rule 302(c)(1).

                                              1

*See* E.D. Cal. L.R. 251(e); Docket. On December 17, 2024, the Court held an in-person hearing. (ECF No. 22.) Attorney Matthias Kleinsasser appeared for Plaintiff. Attorney Michelle Wiederhold appeared for Defendants. For the reasons that follow and as discussed at the hearing, the Court GRANTS Plaintiff's motion to compel.

## I.   BACKGROUND

On June 17, 2024, Plaintiff filed a complaint for breach of a shipping container lease and to recover real property from Defendants. Compl. (ECF No. 1). Plaintiff entered into a lease agreement with Defendant Run Roadlines where Plaintiff leased 650 shipping containers to Defendant Run Roadlines. Pl. Mot. Compel at 4. Payments under the lease were supposed to begin April 1, 2023, and were due on a monthly basis. *Id.* Plaintiff alleges that Defendant Run Roadlines has failed to make any payments and the total amount of past-due rental payments exceeds $5 million. *Id.* Plaintiff believes that Defendant Run Roadlines is subleasing the shipping containers to third parties and collecting this revenue. *Id.* In response to Plaintiff's concerns that Defendant Run Roadlines was months behind on payment, Defendant Run Roadlines granted Plaintiff an exclusive option to secure a deed of trust on Defendant Run Roadlines' real property. *Id.* Plaintiff exercised the option, but Defendant Run Roadlines instead encumbered the real property with a third party's lien to Farmers & Merchants Bank. *Id.*; Compl. at 5.

Plaintiff expressed concerns about this to Defendant Manpreet Randhawa, one of Run Roadlines' principals, who agreed to execute a personal guaranty for Run Roadlines' obligations under the lease. Pl. Mot. Compel at 4. However, Plaintiff alleges that after executing the guaranty, Defendant Randhawa started fraudulently transferring Defendant Run Roadlines' property to Defendant 3515 Hwy 99 LLC. *Id.* at 4-5. Plaintiff alleges that Defendant Randhawa formed 3515 Hwy 99 shortly after executing the guaranty. Compl. at 6. Plaintiff alleges that Defendant 3515 Hwy 99 is managed by Defendant Randhawa and is an insider entity of Defendant Run Roadlines. Pl. Mot. Compel at 5. On July 24, 2024, Defendant Run Roadlines, Inc. filed an answer. (ECF No. 8.) On July 26, 2024, Defendants Randhawa and 3515 Hwy 99 each filed their

1  answers. (ECF Nos. 10, 11.)

2        Pursuant to the parties' August 28, 2024 joint status report, the parties agreed to

3  exchange initial disclosures by August 28, 2024. (ECF No.13 at 3). On August 28, 2024,

4  Plaintiff timely made its initial disclosures. Pl. Mot. Compel at 5. Defendants failed to

5  make their initial disclosures. *See id.*

6        On August 29, 2024, Plaintiff served its first sets of requests for production of

7  documents (RFPs), interrogatories, and requests for admissions (RFAs) on all

8  Defendants. 11/12/2024 Declaration of Matthias Kleinsasser, Exh. A-1 (ECF No. 25-3 at

9  4-104). Defendants' objections and responses to these discovery requests were due on

10  September 30, 2024. Pl. Mot. Compel at 5. At the December 17, 2024 hearing, Plaintiff

11  confirmed that Defendants still had not made their initial disclosures, or responded to

12  Plaintiff's RFPs, interrogatories, and RFAs.

13        On the evening of September 30, 2024, Defendants requested a three week

14  extension to respond to discovery. Kleinsasser Decl. ¶ 2 (ECF No. 25-3 at 2). The new

15  deadline for Defendants' response was October 21, 2024. *Id.* Defendants did not

16  respond by October 21, so on October 22, 2024, Plaintiff emailed Defendants asking

17  about the status of the disclosures and discovery responses. *Id.* On October 23, 2024,

18  Defendants' counsel responded, stating that he was in trial and would be in touch to

19  discuss "all issues." *Id.* On October 29, 2024, Plaintiff followed up with Defendants after

20  not hearing from them and asked for Defendants' availability to confer about a potential

21  motion to compel. *Id.* at 2-3. On November 7, 2024, Plaintiff's counsel called Defendants'

22  counsel, who informed Plaintiff's counsel that his associate was drafting discovery

23  responses and that the associate would contact Plaintiff's counsel the next day to

24  discuss discovery issues. *Id.* at 3. Defendants' counsel did not, however, contact

25  Plaintiff's counsel and Plaintiffs filed their first motion to compel on November 14, 2024

26  pursuant to Local Rule 251(e). (ECF No. 22.)

27        The Court issued a Minute Order on November 18, 2024 finding that there was

28  not "a complete and total failure to respond to a discovery request" by Defendants and

1    ordered the parties to comply with Local Rule 251(a) and file a Joint Statement re

2    Discovery Disputes. (ECF No. 23.) The Court ordered Defendants to participate in the

3    submission of the joint statement. *Id.*

4           On November 26, 2024, Plaintiff filed a second motion to compel[2] pursuant to

5    Local Rule 251(e). (ECF No. 25.) Plaintiff detailed a complete and total failure to respond

6    by Defendants. Plaintiffs attempted to contact Defendants every day from November 18

7    to November 26, 2024, the date Plaintiff filed its motion. 11/26/2024 Declaration of

8    Christopher Hughes ¶ 3 (ECF No. 25-2 at 2). Plaintiff's counsel tried calling Defendants'

9    counsel on two different telephone numbers and received a message that the mailbox

10   was full and cannot accept new messages. *Id.* On November 21, 2024, Plaintiff's

11   counsel sent Defendants' counsel three joint statements by email for his review and

12   comment, and Defendants' counsel did not respond. *Id.* ¶ 4. Plaintiff's counsel tried to

13   contact other members of the law firm where Defendants' counsel worked and received

14   no response. *Id.* at 2-3, ¶ 5. Plaintiff has sufficiently established a lack of response by

15   Defendants under Local Rule 251(e). Further, the Court notes that Defendants failed to

16   comply with the Court's order to participate in the Joint Statement re Discovery

17   Disagreement. On December 13, 2023, Plaintiff's filed a reply in support of the motion to

18   compel, noting that Defendants have failed to respond in compliance with Local Rule

19   251(e). (ECF No. 29.)

20          Plaintiff also filed a motion for temporary restraining order (TRO) and motion for

21   preliminary injunction on November 25, 2024. (ECF No. 24.) The TRO motion was

22   denied, and a hearing for the motion for preliminary injunction was set for December 20,

23   2024. (ECF No. 26.) The parties then filed a stipulation and proposed order agreeing to

24   entry of the TRO, but this was disregarded by the Court for noncompliance with Local

25   Rule 182(a). (ECF No. 27.) Plaintiff requested a continuance of the hearing on the

26

27   [2]  The second motion to compel filed on November 26, 2024 is substantially the same as
     the first motion to compel filed on November 14, 2024. The Court will therefore consider
28   the second motion to compel, and deny the first motion to compel as moot.

1  motion for preliminary injunction. (ECF No. 29.)

2  **II.    LEGAL STANDARDS**

3      "Parties may obtain discovery regarding any nonprivileged matter that is relevant

4  to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ.

5  P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery."

6  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

7      A party may propound interrogatories relating to any matter that may be inquired

8  to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise

9  agreed upon or ordered, the responding party must serve its answers and any objections

10  to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2).

11  Parties must respond to the fullest extent possible, and any objections must be stated

12  with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required

13  "to conduct extensive research in order to answer an interrogatory, but a reasonable

14  effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal.

15  Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep.

16  21, 2007)). Further, the responding party must supplement a response if the information

17  sought is later obtained or the previous response requires a correction. Fed. R. Civ. P.

18  26(e)(1)(A).

19      A party may serve requests to produce documents in the responding party's

20  possession, custody, or control, including designated documents, electronically stored

21  information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to

22  production of documents within a responding party's possession, custody, or control,

23  regardless of whether the requesting party possesses the same documents. Fed. R. Civ.

24  P. 34(a). The responding party must respond in writing within thirty (30) days, unless

25  otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a

26  responding party objects, the objection "must state whether any responsive materials are

27  being withheld on the basis of that objection[, and] an objection to part of a request must

28  specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court <u>must</u> order the party "whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## III.    DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised

6

by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Here, Defendants have completely failed to uphold their discovery obligations and participate in discovery.

### A.    Initial Disclosures and Interrogatories

Defendants' initial disclosures were due on or by August 28, 2024 pursuant to the parties' agreement. ECF No. 13; *see* Fed. R. Civ. P. 26(a)(1). As of the filing of Plaintiff's second motion to compel on November 26, 2024, Defendants still had not made their initial disclosures, in violation of Rule 26. *See* Pl. Mot. Compel at 5. The Court orders Defendants to make their initial disclosures within seven (7) days of the December 17, 2024 hearing. Defendants are warned that if a party "fails to provide information or identify witnesses as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff's interrogatories were served on August 29, 2024, making Defendants' responses due on or by September 30, 2024. Pl. Mot. Compel at 5; Kleinsasser Decl., Exh. A-1; Fed. R. Civ. P. 33(b)(2), 34(b)(2). As of the December 17, 2024 hearing, Defendants had not responded to any interrogatories or produced any documents.

The Court orders Defendants to serve complete and full responses to Plaintiff's interrogatories without objection within seven (7) days of the date of the December 17, 2024 hearing. Due to Defendants' complete failure to respond to Plaintiff's interrogatories and to oppose Plaintiff's motion, Defendants have waived any objection to Plaintiff's interrogatories. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Defendants are reminded of their duty to prosecute this case, comply with court orders, and participate in discovery. If Defendants fail to prosecute this case, comply

with further court orders, or participate in discovery, Defendants may face serious

sanctions, including dismissal. *See Connecticut Gen. Life Ins. Co. v. New Images of*

*Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of

terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders,"

including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.

2006). The choice of sanction is within the discretion of the court. *Olivia v. Sullivan*, 958

F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the

failure of a party to comply with any local rule or order of the court may result in the

imposition of "any and all sanctions authorized by statute or Rule or within the inherent

power of the Court").

**B.    Requests for Production**

Plaintiff's RFPs were served on August 29, 2024, making Plaintiff's responses

due on or by September 30, 2024. Pl. Mot. Compel at 5; Kleinsasser Decl., Exh. A-1;

Fed. R. Civ. P. 33(b)(2), 34(b)(2). As of the December 17, 2024 hearing, Defendants had

1 | not produced any documents.

2 |       Due to Defendants' complete failure to respond to Plaintiff's RFPs and to oppose

3 | Plaintiff's motion, Defendants have waived any objection to Plaintiff's RFPs. *See In re*

4 | *PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1; *Bell*, 2021 WL

5 | 843242, at *2. However, Plaintiff's requests must still be relevant and proportional to the

6 | needs of the case. *See* Fed. R. Civ. P. 26(b). At the December 17, 2024 hearing, the

7 | Court addressed the relevancy and proportionality of certain RFPs as originally drafted.

8 | See Fed. R. Civ. P. 26(b)(1). As discussed at the hearing, the Court **GRANTS** Plaintiff's

9 | motion to compel responses to and production of responsive documents to all of

10 | Plaintiff's RFPs with respect to all Defendants, subject to the following modifications

11 | discussed and agreed upon at the December 17, 2024 hearing. The original RFP is

12 | reproduced below, with the modifications to the RFP discussed and agreed upon at the

13 | hearing.

14 |       1.    <u>RFPs To Defendant 3515 Hwy 99</u>

15 |       REQUEST FOR PRODUCTION NO. 12 TO 3515 HWY 99:

16 |       Original RFP:  Please produce all corporate Documents for You (3515 Hwy 99)

17 | including certificates of formation, operating agreements, company agreements public

18 | information reports, minutes of meetings, resolutions, or other corporate records.

19 |       Modified RFP:  The Court orders that RFP No. 12 to Defendant 3515 HWY 99 will

20 | be modified to add a time limitation of "July 1, 2022 to the present" to the request for

21 | "minutes of meetings, resolutions, or other corporate records."

22 |       2.    <u>RFPs To Defendant Randhawa</u>

23 |       REQUEST FOR PRODUCTION NO. 19 TO RANDHAWA:

24 |       Original RFP:  Please produce all corporate Documents for Run Roadlines,

25 | including certificates of formation, operating agreements, company agreements public

26 | information reports, minutes of meetings, resolutions, or other corporate records.

27 |       Modified RFP:  The Court orders that RFP No. 19 to Defendant Randhawa will be

28 | modified to add a time limitation of "July 1, 2022 to the present" to the request for

1 | "minutes of meetings, resolutions, or other corporate records."

2 |            3.      <u>RFPs To Defendant Run Roadlines</u>

3 | REQUEST FOR PRODUCTION NO. 17 TO RUN ROADLINES:

4 | Original RFP:  Please produce all corporate Documents for You (Run Roadlines)

5 | including certificates of formation, operating agreements, company agreements public

6 | information reports, minutes of meetings, resolutions, or other corporate records.

7 | Modified RFP:  The Court orders that RFP No. 17 to Defendant Run Roadlines

8 | will be modified to add a time limitation of "July 1, 2022 to the present" to the request for

9 | "minutes of meetings, resolutions, or other corporate records."

10 | REQUEST FOR PRODUCTION NO. 22 TO RUN ROADLINES:

11 | Original RFP:  Please produce all Documents and Communications Related to

12 | any efforts by You to obtain financing or other resources to cover the cost of the

13 | payments under the Lease Agreement.

14 | Modified RFP:  The Court orders that RFP No. 22 to Defendant Run Roadlines

15 | will be modified to add a time limitation of "July 1, 2022 to the present."

16 | **C.     Plaintiff's Requests For Admissions**

17 | Plaintiff's requests for admission were served on August 29, 2024, making

18 | Plaintiff's responses due on or by September 30, 2024. Pl. Mot. Compel at 5;

19 | Kleinsasser Decl., Exh. A-1; Fed. R. Civ. P. 36(a)(3). As of the December 17, 2024

20 | hearing, Defendants had not responded to the requests for admission. Based on

21 | Defendants' failure to timely respond, Plaintiff requests that the matters be deemed

22 | admitted pursuant to Rule 36(a)(3).

23 | At this time, the Court exercises its discretion and declines to deem the matters

24 | admitted, instead providing Defendants with a final opportunity to respond. The Court

25 | orders Defendants to serve their responses to Plaintiff's requests for admission within

26 | seven (7) days of the December 17, 2024 hearing. Defendants are warned that the

27 | failure to respond to Plaintiff's requests for admission will result in the matters being

28 | deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

### D.    Requirement for Plaintiff to File Discovery Status Report

The Court further orders Defendants to file a written status report within seven (7) days of the December 17, 2024 hearing regarding their compliance with this order in making their initial disclosures, serving complete and full interrogatory responses without objections, producing documents responsive to Plaintiff's RFPs without objections subject to the above modifications, and serving complete and full responses to Plaintiff's RFAs. The status report shall describe the manner and date of service of each of these items.

### E.    Rule 37 Expenses

If a court grants a motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless:  the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

At the December 17, 2024 hearing, Defendants were provided with the opportunity to provide justification for their complete failure to participate in discovery and respond to Plaintiff's motion. Defense counsel, who was assigned to the case the day before the hearing, stated that the original attorney assigned to the case left the firm and the current attorney assigned to the case was previously in trial for three weeks. Defense counsel conceded, as they must, that these factors did not account for the entire time period of Defendants' failure to respond to Plaintiff's discovery requests. Defense counsel further stated that the client believed he could work something out with Plaintiff, but is now aware of the need to respond. As the Court informed Defendants at the hearing, Defendants' complete failure to participate in discovery and generally in the

1    prosecution of this case is not permitted. Defendants were verbally warned by the Court

2    that the continued failure to participate in discovery, respond to the Court's orders, and

3    prosecute this case will result in future sanctions, including a recommendation that this

4    action be dismissed.

5         Here, awarding reasonable expenses is mandatory as none of the exceptions

6    have been established and there is no justification, let alone substantial justification for

7    Defendants' failure to participate in discovery. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

8    Plaintiff made several good faith attempts over multiple months to get Defendants to

9    respond to Plaintiff's written discovery requests. Defendants have completely failed to

10   meet their discovery obligations and participate in discovery. Defendants also failed to

11   respond to Plaintiff's motion to compel, waiving any objection to Plaintiff's motion.

12        District courts have broad discretion in determining the reasonableness of fees.

13   *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the

14   "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of*

15   *Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the

16   number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*.

17   Reasonable hourly rates are determined by the "prevailing market rates in the relevant

18   community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citation omitted).

19   "[T]he established standard when determining a reasonable hourly rate is the 'rate

20   prevailing in the community for similar work performed by attorneys of comparable skill,

21   experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th

22   Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the

23   relevant community is the forum in which the district court sits." *Id.* (quoting *Barjon*, 132

24   F.3d at 500). Here, the relevant community is Sacramento, California, which is where

25   this district court is located.

26        As discussed at the hearing, Plaintiff has not, however, provided sufficient

27   information needed for the Court to determine the amount of reasonable expenses. The

28   Court therefore orders Plaintiff to file and submit its reasonable expenses in making the

1   motions to compel, including attorney's fees, within fourteen (14) days of the December

2   17, 2024 hearing. Plaintiff must include sufficient detail, including the number of hours

3   spent in making and arguing the motions, the description of the work completed,

4   counsel's hourly rates, counsel's experience, and the prevailing market rate in

5   Sacramento, where this district court sits, for attorneys of comparable experience.

6         Defendants will be provided with the opportunity to respond to Plaintiff's

7   submission on reasonable expenses and to be heard regarding the award of reasonable

8   expenses under Rule 37(a)(5). Defendants may file a response within seven (7) days

9   after the filing of Plaintiff's submission. A failure to timely respond by Defendants will be

10   construed as a non-opposition to the award of reasonable expenses under Rule

11   37(a)(5). In this response, Defendants must provide detail on whether the client, defense

12   counsel, or both are responsible for the failure to respond to discovery requests to

13   enable the Court to properly determine whether reasonable expenses should be borne

14   by Defendants, defense counsel, or both. A separate order on Plaintiff's Rule 37

15   reasonable expenses will issue after additional information is submitted to the Court for

16   its review.

17   **<u>ORDER</u>**

18         As discussed above, the Court GRANTS Plaintiff's motion to compel (ECF No.

19   25), and ORDERS:

20   1.    Within seven (7) days of the December 17, 2024 hearing, Defendants shall

21       make their initial disclosures; serve their complete and full responses to

22       Plaintiff's interrogatories without objection; and respond to Plaintiff's RFAs;

23   2.    Within seven (7) days of the December 17, 2024 hearing, Defendants shall

24       serve their complete and full responses to all RFPs without objection and

25       produce responsive documents, subject to the modifications to the RFPs listed

26       above;

27   3.    Within seven (7) days of the December 17, 2024 hearing, Defendants shall file

28       a written status report regarding their compliance with this order in making

13

their initial disclosures; serving complete and full interrogatory responses without objections; serving complete and full responses to RFPs as modified without objections, and producing documents responsive to Plaintiff's RFPs as modified; and responding to Plaintiff's RFAs. The status report shall describe the manner and date of service of each of these items;

4. Within fourteen (14) days of the December 17, 2024 hearing, Plaintiff shall file and submit its reasonable expenses in making the motion to compel, including attorney's fees; and

5. Within seven (7) days after the filing of Plaintiff's submission of its reasonable expenses, Defendants may file a response that includes details about whether the client, defense counsel, or both are responsible for the failure to respond.

6. Plaintiff's first motion to compel filed on November 14, 2024 (ECF No. 22) is denied as moot.

Dated:  December 20, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, unit.1718.24

14