UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 53, INC., | Case No. 2:24-cv-01718-DJC-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING RULE 37 EXPENSES |
| RUN ROADLINES, INC., et al., | (ECF Nos. 25, 35, 37, 39) |
| Defendant. | |

On December 17, 2024, the Court granted Plaintiff Unit 53, Inc.'s motion to compel Defendants Run Roadlines, Inc., Manpreet Randhawa, and 3515 Hwy 99, LLC to make their initial disclosures and to respond to Plaintiff's interrogatories, requests for production, and requests for admission.[1] 12/17/2024 Minute Order (ECF No. 31); 12/20/2024 Order (ECF No. 35). Because Plaintiff had not provided the Court with sufficient information to determine the amount of expenses in making the motion to which it was entitled pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court ordered Plaintiff to file and submit its reasonable expenses, including attorney's fees. 12/20/2024 Order at 14. Plaintiff has now done so. Pl. Expenses (ECF No. 37.) Defendants were provided with the opportunity to respond to Plaintiff's reasonable

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

expenses, and Defendants have filed a response. Defs. Response (ECF No. 39).

I. **DISCUSSION**[2]

As the Court has previously ordered, under Rule 37, awarding reasonable expenses in making the motion, including attorneys' fees, is mandatory here as none of the exceptions are established. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); 12/20/2024 Order.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks attorney's fees in the amount of $40,301.50 for four attorneys who worked a total of 62.3 hours preparing and prosecuting the motion to compel. Pl. Expenses at 4-5. Plaintiff's fees are based on a $635 hourly rate for 7.7 hours by Attorney Christopher Hughes; a $620 hourly rate for 38.20 hours by Attorney Matthias

---

[2] Additional background on Plaintiff's motion to compel is provided in the Court's order. *See* 12/20/2024 Order.

Kleinsasser; a $370 hourly rate for 13.6 hours by Attorney Jared Hendrix; and a $310 hourly rate for 2.8 hours by Attorney James Oleshansky. *Id.* Defendants filed a response requesting the reasonable expenses be lowered to "the range of $300 per hour for partners and shareholders" and "less than $300 per hour for associates." Defs. Resp. at 7. Defendants request that the Court decrease Plaintiff's request by eight (8) hours, "decrease any and all entries dealing with meeting and conferring," and decrease Plaintiff's fees to prepare for and attend the motion to compel hearing to "a reasonable two (2) to three (3) hours." *Id.* at 5, 6. Defendants also noted that Plaintiff's calculation of fees for Attorney Kleinsasser was incorrect. *Id.* at 2-3.

   The Court finds that 62.3 hours is a reasonable amount of time to draft the motions to compel, to prepare for oral argument, and to appear on the motions. The Court also finds that Plaintiff's counsel's hourly rates are reasonable for work performed by attorneys of comparable experience in Sacramento. However, the amount of fees attributed to Attorney Kleinsasser will be reduced to $23,684 based on the correct calculation. Plaintiff is correct that the calculation of fees for Attorney Kleinsasser was incorrect, and will be reduced to $23,684 to reflect $620 hourly rate multiplied by 38.20 hours.

   Plaintiff's counsel Christopher Hughes is a partner at the law firm Nossaman LLP and has been practicing law in California since 2008. Declaration of Christopher D. Hughes ¶ 2 (ECF No. 37-2). Plaintiff's counsel Matthias Kleinsasser is a shareholder at the law firm Winstead PC and has been practicing law in Texas since 2010. *Id.* ¶ 4; Declaration of Matthias Kleinsasser ¶ 2 (ECF No. 37-3). Plaintiff's counsel James Oleshansky is an associate at Nossaman and has been practicing law in California since 2022. Hughes Decl. ¶ 5. Plaintiff's counsel Jared Hendrix is an associate at Winstead who has been practicing law in Texas since 2021. *Id.* ¶ 6. While Plaintiff cited to the Laffey Matrix as support for their hourly rates, courts in the Eastern District repeatedly decline to use the matrix. *See, e.g.*, *Lusk v. Five Guys Enters., LLC*, 2023 WL 4134656, at *29 (E.D. Cal. June 22, 2023); *Momentum Com. Funding, LLC v. Project Storm, LLC*,

2022 WL 2817429, at *9 (E.D. Cal. July 18, 2022). The Court will therefore rely on its own knowledge of customary legal rates in Sacramento and also survey cases in setting a reasonably hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The Court finds that hourly rates of $635 for Hughes, a partner with more than sixteen (16) years of experience; $620 for Kleinsasser, an attorney of almost fifteen (15) years of experience; $370 for Hendrix, an associate with over three (3) years of experience; and $310 for Oleshansky, an associate with over two (2) years of experience are reasonable and reflect the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners and $375 per hour for associate attorneys); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates and between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013) (approving a partner hourly rate of $650, a senior associate hourly rate of $495, and a junior associate hourly rate of $395). Accordingly, the Court concludes attorney's fees in the amount of $34,473.50 is reasonable.

The Court notes that Plaintiff could have sought reimbursement for its reasonable costs, but did not and only requested reimbursement for its attorney's fees. Plaintiff also did not seek attorney's fees for any time after the December 17, 2024 hearing.

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Defendants to pay Plaintiff's reasonable expenses in the amount of $34,473.50 to Plaintiff within twenty-one (21) days from the date of this order.[3]

/ / /

---

[3] After reviewing the record before the Court, the Court concludes that defense counsel should not bear the responsibility for paying these expenses. Though defense counsel advised Defendants of the requirements and necessity of responding in a timely matter, Defendants did not. *See* Defs. Resp. at 7.

**ORDER**

IT IS HEREBY ORDERED THAT:

1. Plaintiff is awarded its reasonable expenses to bring the motion to compel in the amount of $34,473.50, which must be paid by Defendants within twenty-one (21) days of the date of this order; and

2. Defendants shall simultaneously file a notice with the court once payment is made.

Dated: January 31, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, unit.1718.24