UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 53, INC., | Case No. 2:24-cv-01718-DJC-CSK |
| Plaintiff, | |
| v. | ORDER RE: DISCOVERY DISPUTE NO. 3 |
| RUN ROADLINES, INC., et al., | (ECF No. 56) |
| Defendants. | |

On April 3, 2025, the Court held an informal discovery conference regarding Plaintiff Unit 53, Inc.'s Interrogatories and Requests for Production (RFP) of Documents to Defendants Run Roadlines, Inc., Manpreet Randhawa, and 3515 Hwy 99, LLC as outlined in the letter brief filed with the Court. (ECF No. 56[1].) Counsel Matthais Kleinsasser and Christopher Hughes appeared for Plaintiff; and counsel Michelle Wiederhold appeared for Defendants. All parties agreed to abide by the Court's rulings at the informal discovery conference. This is the third discovery dispute presented to the Court. Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, and for the reasons stated during the conference, the Court ruled as follows:

---

[1] The discovery dispute letter brief filed by Plaintiff (ECF No. 56) is the governing document for this third discovery dispute. Defendants filed two different versions of letter briefs, which were substantially similar to the version filed by Plaintiff. (ECF Nos. 57, 58.)

1

(1) The Court previously granted Plaintiff's motion to compel (ECF No. 25) and ordered Defendants to fully and completely respond to Plaintiff's interrogatories and RFPs. *See* 12/17/2024 Minutes (ECF No. 31); 12/20/2024 Order (ECF No. 35). Pursuant to Rule 37(a)(5), the Court granted Plaintiff's reasonable expenses of $34,473.50, including attorney fees, and granted Defendants' request for an extension of time to complete payment up to and including April 1, 2025 and to provide payments in installments. 1/31/2025 Order (ECF No. 44); 2/19/2025 Minute Order (ECF No. 54).

(2) The Court subsequently ordered Defendants to provide supplemental responses and productions to specific interrogatories and RFPs as identified in the Court's order within 10 days from the February 18, 2025 informal discovery conference. 2/18/2025 Order (ECF No. 53); 2/18/2025 Minutes (ECF No. 51).

(3) Plaintiff provided specific examples of Defendants' deficient interrogatory responses and document productions. (*See* ECF No. 56.) Defendants conceded during the informal discovery conference, as they must, that some of their supplemental interrogatory responses were deficient (e.g., including the wrong interrogatory and interrogatory response; not providing a response, etc.). In response to the Court's questions, defense counsel stated that counsel has repeatedly informed Defendants of Plaintiff's discovery requests, deadlines, discovery that have not yet been produced, the Court's orders, and Defendants' obligations to comply with the Court's orders.

(4) The Court warned Defendants that their failure to comply with the Court's discovery orders, including orders to fully respond to discovery requests and to pay Plaintiff's reasonable expenses, may be subject to sanctions pursuant to Rule 37(b)(2)(A). The Court further warned Defendants that Defendants and/or their principals and representatives may be ordered to appear in-person in the federal

courthouse in Sacramento for proceedings regarding Defendants' failure to comply with the Court's discovery orders.

(5) By close of business April 10, 2025, Plaintiff is ordered to file (a) a supplemental brief identifying the specific interrogatories and RFPs for which Defendants have failed to sufficiently respond and/or comply with the Court's discovery orders, and the identity of Defendants' representatives involved in communications regarding this lawsuit, including discovery issues; and (b) copies of the interrogatories and RFPs served by Plaintiff at issue, and Defendants' responses to those interrogatories and RFPs.

(6) By close of business April 10, 2025, Defendants are ordered to file a declaration(s) signed under penalty of perjury by Defendants' principal(s) (not Defendants' counsel) providing in detail: (a) information regarding documents Defendants identified as being lost and/or destroyed, following the requirements of Plaintiff's Instruction No. 29 in Plaintiff's RFPs; and (b) Defendants' efforts to obtain and produce documents responsive to Plaintiff's RFPs, including steps taken to search for and retrieve internal and external communications (e.g., search terms used to identify email communications, dates when searches were conducted, which emails and documents were searched, etc.), bank records (including but not limited to bank records from Farmers and Merchant Bank and PacCapital), and the corporate records of Defendants Run Roadlines and 3515 Hwy 99.

(7) By close of business April 4, 2025, Plaintiff may file a request for additional information to be disclosed by Defendants regarding their discovery efforts (*see* No. 6 above).

(8) The Court's orders do not prohibit Defendants from continuing to produce documents and supplement its discovery responses. The Court reminds the

3

parties that they have a continuing obligation under Rule 26(e) to supplement or correct a party's disclosure(s) or discovery response(s).

(9) At this time, the Court declines Plaintiff's request to extend the fact discovery deadline 60 days. Plaintiff may file a formal request to continue the fact discovery deadline (e.g., Plaintiff was not able to complete certain depositions due to Defendants' failure to timely respond to interrogatory requests and to produce documents). Good cause must be established.

It is so ORDERED.

Dated: April 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE