UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 53, INC., | Case No. 2:24-cv-01718-DJC-CSK |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| RUN ROADLINES, INC., et al., | (ECF No. 68) |
| Defendants. | |

Plaintiff Unit 53, Inc. moves for sanctions against Defendants Run Roadlines, Inc., Manpreet Randhawa, and 3515 Hwy 99, LLC for failing to comply with discovery obligations and the Court's orders.[1] (ECF No. 68.) Plaintiff seeks an order striking Defendants' answers and affirmative defenses, deeming all Requests for Admission ("RFAs") served on each Defendant admitted, or alternatively, an award of attorneys' fees, costs, and expenses. *Id.* Pursuant to local Rule 251(e), Plaintiff's motion is excepted from the requirement for a Joint Statement re Discovery Disagreement because it is only seeking sanctions. Because Defendants failed to oppose the motion, the June 3, 2025 hearing was vacated. (ECF No. 76.) For the reasons that follow, the Court recommends GRANTING Plaintiff's motion for sanctions.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

## I. BACKGROUND

On June 17, 2024, Plaintiff filed a complaint for breach of a shipping container lease and to recover real property from Defendants. Compl. (ECF No. 1). On August 29, 2024, Plaintiff served its First Set of Requests for Production of Documents ("RFPs"), and First Set of Requests for Admissions ("RFAs") on each Defendant. Pl. Mot. Sanctions at 4 (ECF No. 68-1). Defendants requested a three-week extension of the response deadline, but still failed to serve any objections and responses and failed to produce any documents. *Id.* As a result, Plaintiff was required to file a motion to compel discovery responses. *Id.*; *see* ECF No. 25.

### A. December 17, 2024 Hearing on Plaintiff's Motion to Compel and Corresponding Order

The Court held a hearing on December 17, 2024, found Defendants failed to comply with their discovery obligations in violation of the Federal Rules of Civil Procedure, and granted Plaintiff's motion to compel on December 20, 2024 ("First Discovery Order"). 12/20/2024 Order (ECF No. 35.) The Court ordered Defendants to make their initial disclosures; serve their complete and full responses to Plaintiff's interrogatories without objection; and respond to Plaintiff's RFAs within seven days of the hearing held on December 17, 2024. *Id.* at 13. The Court also ordered Defendants to serve their complete and full responses to all RFPs without objection and produce responsive documents, subject to the modifications listed in the Court's order. *Id.* The Court ordered Defendants to file a written status report regarding their compliance with the Court's order. *Id.* at 13-14.

Defendants timely filed a status report on December 24, 2024, indicating the initial disclosures, responses to interrogatories, responses to RFPs and production of documents were served on December 24, 2025; and the RFAs were served on December 17, 2024. (ECF No. 36.).

/ / /

/ / /

### B. Order Granting Plaintiff's Reasonable Expenses Relating to the Motion to Compel

Because the Court granted Plaintiff's motion to compel, Plaintiff was entitled to reasonable expenses under Federal Rule of Civil Procedure 37(a)(5). *See* 12/20/2024 Order at 11-12. Plaintiff did not initially provide the Court with sufficient information to determine the amount of reasonable expenses, so the Court ordered Plaintiff to submit its reasonable expenses in making the motion to compel, including attorney's fees. *Id.* at 12-13. Plaintiff submitted its reasonable expenses (ECF No. 37), and Defendants responded (ECF No. 39). The Court issued an order on January 31, 2025 ("Second Discovery Order") granting Plaintiff's reasonable expenses, and awarding Plaintiff $34,473.50, which was to be paid by Defendants within twenty-one (21) days from the date of the order. 1/31/2025 Order (ECF No. 44). On February 19, 2025, Defendants requested that the Court allow Defendants sixty (60) days to pay the expenses and requested that the payment be made in two equal payments of $11,491.17 and one final payment of $11,491.16. (ECF No. 52.) The Court granted Defendants' request. 2/19/2025 Minute Order (ECF No. 54).

Defendants have failed to pay Plaintiff's reasonable expenses despite receiving the extension requested. Pl. Mot. Sanctions at 6; *see* ECF Nos. 52, 54. In addition, bank statements Defendants produced to Plaintiff show that Defendant Run Roadlines transferred funds to Defendant Randhawa on January 21 and February 20, 2025. Pl. Mot. Sanctions at 7; Declaration of Christopher D. Hughes ¶ 3, Exh. A (ECF No. 68-2).

### C. February 18, 2024 Informal Discovery Conference and Corresponding Order

Despite filing a status report on December 24, 2024, Defendants did not fully comply with their discovery obligations and the Court's order. As a result, on February 18, 2025, the Court held an informal discovery conference with the parties regarding Defendants' deficient responses to Plaintiff's Interrogatories Set One and Set Two, and Plaintiff's RFPs. (ECF Nos. 51, 53.) Plaintiff argued that Defendants' interrogatory

3

responses were deficient because Defendants failed to sufficiently support their affirmative defenses and provide all requested information relating to the location of the shipping containers and the amounts owed to third parties. Defendants also failed to provide sufficient facts regarding the transfer of real property to 3515 Hwy 99 and the formation of the entity, the Option Agreement between Plaintiff and Run Roadlines, Defendants' basis for failing to make payments under the Lease Agreement between Plaintiff and Run Roadlines, regarding the issuance of a deed of trust covering the real property to Farmers and Merchants Bank, and regarding the value Run Roadlines received for transferring the real property. 2/14/2025 Letter Brief at 1-2 (ECF No. 50). Plaintiff also asserts Defendants failed to produce certain documents, including financial statements, bank records, corporate records, documents relating to the parties and their agreements, documents relating to the value received for the transferred real property, documents relating to the sublease or rental of the shipping containers, and documents exchanged with Unit 53. *Id.*

Defendants assert they made a good faith effort to provide the requested documents, and that they produced 209 pages of documents which were organized by topic. *Id.*

The Court made specific rulings in a written order ("Third Discovery Order") requiring Defendants to supplement their responses to certain Interrogatories and RFPs and to produce additional documents. 2/18/2025 Order (ECF No. 53). The Court ruled that any arguments by Defendants related to overbreadth, relevance, etc. as to Interrogatories Set One and RFPs Set One were rejected because Defendants were already ordered to respond without objections. *Id.* at 1-2. Supplemental responses and productions were ordered due within ten days unless otherwise stated. *Id.* at 2.

Regarding Plaintiff's Interrogatory Nos. 2 and 3 as to all Defendants, Defendants agreed and were ordered to withdraw their affirmative defenses that they will not be pursuing. *Id.* Defendants were ordered to supplement their responses to identify the affirmative defenses still being pursued and to provide sufficient responses. *Id.*

4

Regarding Plaintiff's Interrogatory Nos. 9 (as to Run Roadlines), 7 and 9 (as to Randhawa), and 5 and 7 (as to 3515 Hwy 99), the Court declined to order supplemental responses as to these interrogatories because Defendants identified the witnesses who possess additional information and the parties had not yet conducted depositions. *Id.* Regarding Plaintiff's Interrogatory No. 5 (as to Run Roadlines and Randhawa), Defendants agreed and were ordered to supplement their responses. *Id.* Regarding Plaintiff's Interrogatory No. 6 (as to Run Roadlines and Randhawa), Defendants were ordered to supplement their responses. *Id.* Regarding Plaintiff's Interrogatory Nos. 8 (as to Run Roadlines) and 14 (as to Randhawa), Defendants were ordered to supplement their responses, and Defendants did not object to supplementing their responses as to internal communications. *Id.* at 2-3. Regarding Plaintiff's Interrogatory No. 13 (as to Run Roadlines) and 9 (as to 3515 Hwy 99), Defendants were ordered to supplement their responses. *Id.* at 3. Regarding Plaintiff's Interrogatory Set Two, Nos. 16 and 17 (as to Run Roadlines and Randhawa), Defendants were ordered to supplement their responses to provide the contact information for third parties, relationship to third parties, and identify the unit numbers within fourteen (14) days of the date of the order, and make a good faith effort to do so. *Id.* Defendants agreed to supplement their RFP responses to identify any request for which no documents were located after a diligent search, and if documents were located, agreed to identify which documents were produced in response. *Id.*

Regarding Plaintiff's RFP Nos. 20 and 21 (as to Run Roadlines), 23-25 (as to Randhawa), and 15 and 16 (as to 3515 Hwy 99), Defendants did not object and were ordered to supplement their responses documents for these RFPs. *Id.* at 4. Regarding Plaintiff's RFP Nos. 2, 4, 7, 9, and 14 (as to Run Roadlines), 2, 4, 7, 9, and 15 (as to Randhawa), and 4-7 (as to 3515 Hwy 99), Defendants were ordered to supplement their responses and produce responsive documents. *Id.* Regarding Plaintiff's RFP Nos. 11, 13, 16, and 19 (as to Run Roadlines), 11, 13, 14, 17, and 22 (as to Randhawa), and 9, 11, and 14 (as to 3515 Hwy 99), Defendants were ordered to supplement their

5

responses and produce responsive documents. *Id.* Defendants' responses may indicate if no additional responsive documents were located after a diligent search. *Id.* Regarding Plaintiff's RFP Nos. 23 and 24 (as to Run Roadlines), and 29 and 30 (as to Randhawa), Defendants did not object and were ordered to supplement their responses and produce responsive documents. Regarding Plaintiff's RFP Nos. 17 and 22 (as to Run Roadlines), 19 (as to Randhawa), and 12 (as to 3515 Hwy 99), Defendants were ordered to supplement their responses and produce responsive documents. *Id.* Regarding Plaintiff's RFP Nos. 22 (as to Run Roadlines) and 27 (as to Randhawa), Defendants were ordered to supplement their responses and produce responsive documents. *Id.*

### D.  April 3, 2025 Informal Discovery Conference and Corresponding Order

On April 3, 2025, the Court held a second informal discovery conference with the parties regarding Defendants' responses to Plaintiff's interrogatories and RFPs. (ECF Nos. 59, 60; *see* ECF No. 56.) Plaintiff identified multiple deficiencies in Defendants' amended discovery responses. 3/31/2025 Letter Brief at 1 (ECF No. 56). Plaintiff stated that Defendants copied and pasted Run Roadlines' amended responses into Randhawa's and 3515 Hwy 99's amended responses, resulting in responses from Randhawa and 3515 Hwy 99 that are confusing and sometimes inapplicable. *Id.* Specifically, Defendants failed to provide sufficient responses regarding Plaintiff's Interrogatory Nos. 5, 13, 16, and 17 (as to Run Roadlines), and 5, 11, 16, and 17 (as to Randhawa). Defendants failed to include sufficient facts regarding an option Agreement and the value Run Roadlines received for transferring real property to 3515 Hwy 99. *Id.* Defendants also failed to provide full location information for several shipping containers and the rate the storage fees are increasing or decreasing. *Id.*

Plaintiff also stated that because Defendants copied and pasted the Run Roadlines RFP responses into the other Defendants' responses, it is unclear if the documents were produced on behalf of Run Roadlines or all Defendants. Plaintiff identified deficiencies related to the following RFPs: Nos. 11, 13, 17, 20, 21, 23-24 (as to

Run Roadlines); 11, 13, 19, 23-24, 25, 29-30 (as to Randhawa); and 9, 15, 16, 12 (as to 3515 Hwy 99). *Id.* These RFPs related to production of documents showing payments/transfers of value between Defendants, or with any third party, relating to the real property, the parties' agreements, and the containers; financial documents; bank records; corporate records; and documents related to the sublease/rental of the containers. *Id.* at 1-2.

Defendants stated in the Letter Brief that this was the first time they heard about certain deficiencies, and that they answered interrogatories to the best of their ability. *Id.* at 2. They also stated that the document production made clear which documents were being produced on behalf of which Defendant, and that Defendants are working with each storage area to negotiate a settlement of fees owed and answered to the best of their ability. Defendants stated they made a good faith effort to produce the financial documents available at the time they responded and were working to obtain other documents. *Id.* at 2-3. Defendants stated that they do not have any corporate records or agreements with third parties. *Id.*

The Court issued an order on April 3, 2025 ("Fourth Discovery Order"), noting that Plaintiff provided specific examples of Defendants' deficient interrogatory responses and document productions. 4/3/2025 Order (ECF No. 60); *see* Pl. 3/31/2025 Letter Brief. The Court also noted that Defendants conceded during the April 3, 2025 conference that some of their supplemental interrogatory responses were deficient. 4/3/2025 Order at 2. The Court warned Defendants that their failure to comply with the Court's discovery orders may be subject to sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). *Id.* The Court ordered Plaintiff to file a supplemental brief by April 10, 2025 identifying the specific interrogatories and RFPs for which Defendants failed to sufficiently respond and/or comply with the Court's discovery orders, and copies of the interrogatories and RFPs served by Plaintiff at issue and Defendants' responses. 4/3/2025 Order at 3. The Court ordered Defendants to file a declaration(s) signed under penalty of perjury by Defendants' principal(s) providing certain details by the same day.

*Id.*

In response to the Court's order, Plaintiff filed a supplemental brief as requested. 4/10/2025 Pl. Letter Brief (ECF No. 64.) This brief listed the interrogatories and RFPs where Defendants' amended responses were impacted by Defendants erroneously copying and pasting Run Roadlines' first amended responses into Randhawa's and 3515 Hwy 99's amended responses. *Id.* at 1-2. The brief also listed interrogatories and RFPs where Defendants failed to comply with the Court's order to supplement certain responses. *Id.* at 3-4.

Defendants filed two declarations by Sunny Vraitch and Defendant Manpreet Randhawa on April 11, 2025 (a day late pursuant to the Court's 4/3/2025 Order). (ECF Nos. 65, 66.) These declarations appear to be exactly the same. *See id.* On April 10, 2025, Defendants produced some bank statements, but indicated they were missing statements from a bank account. Pl. Mot. Sanctions at 5-6.

Plaintiff filed this motion on April 29, 2025. (ECF No. 68.) Though Defendants had the opportunity to respond, they have failed to oppose or otherwise respond to this motion. *See* Docket; ECF No. 74.

## II.     DISCUSSION

Plaintiff seeks sanctions in the form of striking Defendants' answers and affirmative defenses, and deeming all RFAs admitted. Pl. Mot. Sanctions at 10. Alternatively, Plaintiff seeks an award of all attorney's fees, costs, and expenses incurred in connection with the February 18, 2025 and April 3, 2025 informal discovery conferences. *Id.*

Striking a party's answer has the effect of entering default judgment against the defendant. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). In turn, default judgment against a defendant is a terminating sanction. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095-96 (9th Cir. 2007); *see Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (classifying default judgment as a dismissal sanction). Therefore, by seeking that the Court strike Defendants' answer,

Plaintiff is effectively seeking a terminating sanction in the form of default judgment against Defendants. However, Plaintiff has not actually requested that the Court enter default judgment against Defendants.

### A. Legal Standards

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). If such an order is issued, but the offending party fails to obey, "the court where the action is pending may issue further just orders," including:

i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

iii. striking pleadings in whole or in part;

iv. staying further proceedings until the order is obeyed;

v. dismissing the action or proceeding in whole or in part;

vi. rendering a default judgment against the disobedient party; or

vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

The choice of sanction, including dismissal, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. Local Rule 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Specifically, the court may impose sanctions "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii); *see*

*Hester*, 687 F.3d at 1169. Cases involving dismissal of a plaintiff's complaint as a sanction are comparable to those involving dismissal of a defendant's answer. *See Adriana Int'l. Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). Striking an answer has the effect of entering default against the defendant. *See Hester*, 687 F.3d at 1169 (analyzing the district court's order to strike defendant's answer). Default judgment is classified as a dismissal sanction. *See Dreith*, 648 F.3d 779, 788 (9th Cir. 2011). "[D]ismissal is a harsh penalty [and] should only be imposed in extreme circumstances.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis omitted) (quoting *Ferdik v Bonzelet*, 963 F.2d 1255, 1260 (9th Cir. 1992)). Nonetheless, "a noncompliant party must . . . seek a lesser sanction by formally requesting one from the district court." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (citation omitted) (noting that if "the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion . . . where such action is otherwise justified").

When the sanction imposed results in default, "the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." *Id.* (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen*, 320 F.3d at 912 (citing *Hyde & Darth v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)). Substantial and prejudicial obduracy may also constitute bad faith. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002). "A court may consider prior misconduct when weighing a subsequent sanction motion." *Adriana Int'l Corp.*, 913 F.2d at 1411.

The Court must consider the following five factors before striking a pleading or declaring default: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the other party"; (4) "the public policy favoring the disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169 (citing *Dreith*, 648 F.3d at 788); *see*

10

*also Transamerica Life Insurance Company v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).

For failures to obey a discovery order under Rule 37(b)(2), "[i]nstead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The award of reasonable expenses under Rule 37(b)(2) differs from the award of reasonable expenses under Rule 37(a)(5) for motions to compel discovery as there is no requirement that the Court provide the party whose conduct necessitated the motion with an opportunity to be heard before awarding reasonable expenses. *Cf.* Fed. R. Civ. P. 37(b)(2)(C), *with* Fed. R. Civ. P. 37(a)(5).

### B.  Whether Defendants Have Complied with the Court's Discovery Orders

Based on the timeline outlined above, the Court finds that Defendants timely responded to the Court's December 17, 2024 Order by serving their initial disclosures, responses to interrogatories without objections, responses to RFPs without objections and production of documents, and responses to RFAs by December 24, 2024 as ordered. *See* 12/17/2024 Order; Def. Status Report (ECF No. 36). However, Defendants' responses were deficient, such that the Court ordered Defendants to supplemental their responses to multiple interrogatories and RFPs, and produce responsive documents as outlined in more detail in the Court's February 18, 2025 Order. *See* 2/18/2025 Order.

The parties appeared before the undersigned for the third time for discovery issues on April 3, 2025, and the Court again found Defendants' responses inadequate. *See* 4/3/2025 Order; Pl. Supp. Brief 4/3/2025 Disco. Conf. (ECF No. 64). The Court noted that Plaintiff provided specific examples of Defendants' deficient interrogatory responses and document productions, as outlined in detail above. 4/3/2025 Order; *see supra* Part I.D; 3/31/2025 Letter Brief. Defendants conceded during the conference that

11

some of their supplemental interrogatory responses were deficient. 4/3/2025 Order at 2. The Court ordered Plaintiff to submit a supplemental brief identifying Defendants' deficiencies, and ordering Defendants to file declarations signed under penalty of perjury by Defendants' principal(s) regarding Defendants' efforts to comply with Plaintiff's discovery requests. 4/3/2025 Order at 3. Plaintiff alleges that Defendants' declarations were deficient, and notes that the two declarations are exactly the same. Pl. Mot. Sanctions at 5; *see* ECF Nos. 65, 66. Defendants have also failed to pay the attorney's fees the Court awarded to Plaintiff on January 31, 2025 even after the Court granted Defendants' request for an extension on February 19, 2025. *See* Pl. Mot. Sanctions at 8; 1/31/2025 Order; 2/19/2025 Minute Order.

The parties have appeared before the undersigned three times due to Defendants' failure to timely fulfill their discovery obligations and failure to comply with this Court's discovery orders. Defendants were previously reminded of their duty to participate in this case, comply with court orders and comply with discovery obligations. 12/20/2024 Order at 7-8. The Court finds that Defendants have violated each of the Court's four discovery orders.

### C.    Willfulness, Bad Faith, or Fault

Applying Ninth Circuit standards, the Court finds that Defendants' conduct establishes willfulness, bad faith, or fault to justify striking Defendants' answer and entering default. *See Jorgensen*, 320 F.3d at 912; *Transamerica Life Ins.*, 93 F.4th at 1146.

As of the filing of Plaintiff's motion on March 29, 2025, Defendants have failed to comply with every one of the four discovery orders issued by the Court, despite being expressly reminded of their discovery obligations and warned of the potential consequences for their failure to comply. *See* 12/20/2024 Order; 1/31/2025 Order; 2/18/2025 Order; 4/3/2025 Order; *see also* Pl. Mot. Sanctions at 8. Based on the timeline outlined above, the Court finds that Defendants timely responded to the Court's December 17, 2024 Order by serving their initial disclosures, responses to

interrogatories without objections, responses to RFPs without objections and production of documents, and responses to RFAs by December 24, 2024 as ordered. *See* 12/17/2024 Order; Def. Status Report (ECF No. 36). However, Defendants' responses were deficient, as outlined above and in the Court's February 18, 2025 Order. *See* 2/18/2025 Order. The Court ordered Defendants to supplement their responses to multiple interrogatories and RFPs, and produce responsive documents as discussed more fully above. *See supra* Part I.B.; 2/18/2025 Order.

The parties appeared before the undersigned for the third time for discovery issues on April 3, 2025, and the Court again found Defendants' discovery responses required supplementation, and noted that Defendants conceded that some of their supplemental interrogatory responses were deficient. *See* 4/3/2025 Order at 2; Pl. Supp. Brief 4/3/2025 (ECF No. 64). The Court ordered Plaintiff to submit a supplemental brief identifying Defendants' deficiencies, and ordered Defendants to file declarations signed under penalty of perjury by Defendants' principal(s) regarding Defendants' efforts to comply with Plaintiff's discovery requests. 4/3/2025 Order at 3. Plaintiff alleges that Defendants' declarations were deficient, and notes that the two declarations are exactly the same. Pl. Mot. Sanctions at 5; *see* ECF Nos. 65, 66. Defendants have also failed to pay the attorney's fees the Court awarded to Plaintiff after receiving a 60-day extension, which were due on April 1, 2025. *See* Pl. Mot. Sanctions at 8; 1/31/2025 Order; 2/19/2025 Minute Order.

The parties have appeared before the undersigned three times due to Defendants' failure to timely comply with discovery requests and this Court's orders. *See* 12/20/2024 Order; 1/31/2025 Order; 2/18/2025 Order; 2/19/2025 Minute Order; 4/3/2025 Order. Defendants were reminded of their duty to prosecute this case and comply with court orders and comply with discovery. 12/20/2024 Order at 7-8; 4/3/2025 Order at 2-3.

This record demonstrates Defendants' willful, disobedient conduct and obduracy in refusing to follow the Court's four discovery orders (ECF Nos. 35, 44, 53, 54, 60); and refusing to fully participate in discovery and uphold their obligations under the Federal

13

Rules of Civil Procedure. *See Jorgensen*, 320 F.3d at 912; *Transamerica Life Ins.*, 93 F.4th at 1146. Defendants' actions are not excusable, nor were they demonstrated to be outside the control of the litigant. *See Jorgensen*, 320 F.3d at 912.

### D. Five Factor Test for Entering Default

The Court next considers the Ninth Circuit's five factor test to assess whether to strike a pleading or declare default: (1) "the public's interest in expeditious resolution of litigation"; (2) "the court's need to manage its docket"; (3) "the risk of prejudice to the other party"; (4) "the public policy favoring the disposition of cases on their merits"; and (5) "the availability of less drastic sanctions." *Hester*, 687 F.3d at 1169. Courts generally find that the prejudice and availability of lesser sanctions are the key factors in this analysis. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Applying this five factor test, the Court finds that the sanction of striking Plaintiff's answer, resulting in default, should be imposed. When a court order has been violated, the first two factors are often considered together and, as "they relate to docket-management issues that the district court is in the best position to assess, often support the imposition of terminating sanctions." *Transamerica Life Ins.*, 93 F.4th at 1146 (citation omitted); *see also Wanderer*, 910 F.2d at 656. Here, "the public's interest in the expeditious resolution of litigation" and "the court's need to manage its docket" each support dismissal. Defendants' continued failure to provide adequate discovery and comply with court orders has delayed the case, resulted in multiple motions filed by Plaintiff, and required the issuance of multiple orders from the Court. In addition, this district court in particular has a strong need and interest in expeditious resolution of litigation to manage its docket given the extremely high caseload in the Eastern District of California.

Regarding "the risk of prejudice to the party seeking sanctions" factor, it is clear that Plaintiff is prejudiced by Defendants' refusal to adequately participate in discovery. *See Transamerica Life Ins.*, 93 F.4th at 1146. The Ninth Circuit has found that the prejudice factor is established if the disobeying party's actions impair the ability of the

14

moving party "to go to trial" or "threaten to interfere with the rightful decision of the case," and finding that while mere delay alone does not establish prejudice, a failure to produce documents as ordered "is considered sufficient prejudice." *Adriana Int'l Corp.*, 913 F.2d at 1412. The Ninth Circuit has also held that failing to produce documents as ordered is sufficient prejudice. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116-17 (9th Cir. 2004) (upholding district court's terminating sanctions after magistrate judge recommended terminating sanctions for discovery misconduct). Here, as described above, Defendants failed to produce all documents responsive to Plaintiff's RFPs as ordered by the Court, establishing sufficient prejudice. *See id*. Plaintiff has also been substantially prejudiced by Defendants' misconduct because Plaintiff cannot assess the case or prepare for trial where Defendants have failed to produce all responsive documents and sufficiently respond to discovery requests. *See Adriana Int'l Corp.*, 913 F.2d at 1412; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

As a general matter, the policy favoring disposition of cases on the merits "always weighs against a default judgment." *Transamerica Life Ins.*, 93 F.4th at 1147. However, this factor provides Defendants "little support" as they have failed to facilitate progress in the case and are instead "imped[ing] progress in that direction." *Id.* Further, Plaintiff indicates that Defendants have stopped responding altogether. *See* Pl. Reply (ECF No. 74). This factor is not dispositive, and default judgment is warranted because the four other factors support default. *See Transamerica Life Ins.*, 93 F.4th at 1147.

Finally, the Court has already tried less drastic alternatives, including extending the time for Defendants' responses multiple times, denying Plaintiff's first request to deem RFAs admitted, awarding expenses, granting an extension for Defendants to pay these expenses, and requiring filing status reports and declarations as discussed above. These efforts were not successful. The Court also gave Defendants verbal warnings during the December 17, 2024 hearing and April 3, 2025 informal discovery conference, and express written warnings in its December 20, 2024 and April 3, 2025 orders, that Defendants' continued failure to respond to discovery and follow the Federal Rules of

15

Civil Procedure could result in more severe sanctions, including dismissal. *See Hester*, 687 F.3d at 117 (noting the fifth factor is comprised of three subparts, which include whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions). Things have progressed to the point where less drastic sanctions are clearly not effective. Further, the Court has previously ordered that Defendants pay reasonable expenses, but Defendants have failed to comply with the order, even after requesting an extension. Plaintiff has also indicated that Defendants have stopped responding in the case altogether.

In addition, Defendants have failed to respond to or oppose Plaintiff's motion for sanctions, which also favors dismissal. *See Levi v. Crawford*, 2020 WL 10691948, at *1 (E.D. Cal. Dec. 15, 2020); *Simonis v. Fitch*, 2009 WL 6354189, at *1 (E.D. Cal. Nov. 17, 2009). Therefore, the Court finds that lesser sanctions would be futile.

Thus, the Court is left with little alternative than to recommend striking Defendants' answers, resulting in entry of default judgment. *See Hester*, 687 F.3d at 1169; *Transamerica Life Ins.*, 93 F.4th at 1148 (affirming dismissal sanctions where "the district court applied a measured and gradational approach in responding to Defendants' non-compliance with the court's orders and the local rules," including providing initial warnings, accepting late submissions and granting benefit of the doubt on the offending party's excuses, ordering further briefing and conferral, and considering lesser sanctions such as monetary sanctions alongside another opportunity to provide discovery responses, and entering default only after the offending party "failed to perform any of the tasks assigned . . . ."); *Dreith*, 648 F.3d at 787-78 (upholding discovery sanction of default where offending party failed to provide discovery and failed to meet and confer with opposing counsel, despite the court's order and warnings); *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 832 (9th Cir. 2011) (upholding dismissal sanction where the plaintiffs failed to respond to discovery requests and were warned about dismissal).

### E. Requests for Admission

Though the Court recommends striking Defendants' answers, the Court proceeds to address the other issues raised in Plaintiff's motion for sanctions.

Plaintiff also requests that the Court deem all of Plaintiff's RFAs admitted. Though Defendants failed to timely respond to the RFAs, resulting in Plaintiff's first motion to compel, Defendants did subsequently timely serve responses pursuant to the Court's December 17, 2024 order. *See* Def. Disco. Status Report. Further, Defendants have admitted almost all of the RFAs, and have not objected to any. *See* Hughes Decl., Exh. B. Therefore, the Court DENIES Plaintiff's request to deem all RFAs admitted.

### F. Reasonable Expenses

Under Rule 37(b)(2)(C), the court "must" award reasonable expenses, including attorney's fees, "[i]nstead of or in addition to" other sanctions, caused by the failure to obey the court's discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court finds that there is no substantial justification for Defendants' failure to fully respond to Defendant's interrogatories and RFPs that were first served in July 2023, especially after ordered by the Court to do so at the December 17, 2024 hearing, the January 9, 2024 motion to compel hearing, and in writing through the Court's written orders. The Court also finds there are no other circumstances that make an award of expenses unjust. Defendants had the opportunity to respond to Plaintiff's motion for terminating sanctions, and failed to respond or request lesser sanctions. *See Merchant*, 993 F.3d at 741.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the

relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

At this time, Plaintiff has not provided sufficient information needed for the Court to determine the amount of reasonable expenses. The Court therefore orders Plaintiff to file and submit its reasonable expenses incurred in connection with the discovery conferences held on February 18, 2025 and April 3, 2025 (*see* Pl. Mot. Sanctions at 9), and with its sanctions motion, including reasonable attorney's fees, within fourteen (14) days of this order. Plaintiff must include sufficient detail, including the number of hours spent, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento, where this district court sits, for attorneys of comparable experience. Defendants are not provided with the opportunity to respond. *Cf.* Fed. R. Civ. P. 37(b)(2)(C), *with* Fed. R. Civ. P. 37(a)(5).

A separate order on Plaintiff's Rule 37 reasonable expenses will issue after additional information is submitted to the Court for its review.

### III. CONCLUSION

In accordance with above, IT IS HEREBY ORDERED that:

1. Plaintiff's request that all Defendants' RFAs be deemed admitted is DENIED; and
2. Within fourteen (14) days of the issuance of this Order and Findings and Recommendations, Plaintiff shall file and submit its reasonable expenses in preparing for and arguing at the February 18, 2025 and April 3, 2025 informal discovery conferences.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for sanctions (ECF No. 68) be GRANTED;
2. Defendants' answers (ECF Nos. 8, 10, and 11) be STRICKEN;
3. Within 21 days after the district judge rules on these Findings and Recommendations, Plaintiff be provided with the opportunity to file a supplemental brief limited to presenting the terms of the default judgment, including calculations of amount of damages, any prejudgment interest, and permissible costs. Defendants will be provided the opportunity to respond within 21 days after the filing of Plaintiff's supplemental brief; and
4. Plaintiff's award of final judgment be deferred until after a determination of the terms of the default judgment can be made, which will be done by further Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, unit.1718.24