UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 53, INC., | Case No. 2:24-cv-01718-DJC-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING RULE 37 EXPENSES |
| RUN ROADLINES, INC., et al., | (ECF Nos. 78, 79) |
| Defendant. | |

On July 7, 2025, the Court recommended granting Plaintiff Unit 53, Inc.'s motion for sanctions against Defendants Run Roadlines, Inc., Manpreet Randhawa, and 3515 Hwy 99, LLC.[1] (ECF No. 78.) On August 7, 2025, the District Judge adopted the findings and recommendations. (ECF No. 83.) Because Plaintiff had not provided the Court with sufficient information to determine the amount of expenses pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court ordered Plaintiff to file and submit its reasonable expenses, including attorney's fees. 7/7/2025 Order at 17-18 (ECF No. 78). Plaintiff has now done so, and requests that its expenses be paid within fourteen (14) days of the Court's order. Pl. Expenses (ECF No. 79). Defendants were not entitled to a response. *See* 7/7/2025 Order at 18.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

## I.    DISCUSSION[2]

As the Court has previously ordered, under Rule 37, awarding reasonable expenses in making the motion, including attorneys' fees, is mandatory here as the Court found no substantial justification for Defendants' failure to fully respond to Defendant's interrogatories and RFPs that were first served in July 2023, especially after ordered by the Court to do so at the December 17, 2024 hearing, the January 9, 2025 motion to compel hearing, and in writing through the Court's written orders. *See* Fed. R. Civ. P. 37(b)(2)(C); 7/7/2025 Order at 17.

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks attorney's fees in the amount of $68,988.50 for two attorneys from

---
[2]  Additional background on Plaintiff's motion for sanctions is provided in the Court's order. *See* 7/7/2025 Order.

2

Winstead PC for a total of 120.5 hours in connection with the discovery conferences held on February 18, 2025 and April 3, 2025, and in preparing and prosecuting Plaintiff's motion for sanctions. Pl. Expenses at 4-6. Plaintiff states that it is not seeking recovery of fees incurred by Nossaman LLP due to the unlikelihood of collection and the extensive time required for counsel to review its fee statements. *Id.* at 4 n.1. Plaintiff reserves the right to seek collection of Nossaman's fees at a later date or under another order of judgment of the Court. *Id.* Plaintiff's fees are based on a $675 hourly rate for 73.9 hours by attorney Matthias Kleinsasser; and a $410 hourly rate for 46.6 hours by attorney Jared Hendrix. *Id.* at 6; *see* Declaration of Christopher D. Hughes ¶ 16 & Exh. A (ECF No. 79-2).

In awarding attorney's fees, the Ninth Circuit has made clear that "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court exercises its discretion to impose a 10% "haircut" reduction. Though a more specific explanation is not required, the Court imposes this reduction because the billing entries submitted include hours requested for work that would have been incurred regardless of whether Plaintiff sought discovery relief leading to the discovery conferences, some duplication of effort (e.g., two attorneys attending a discovery conference instead of one attorney), and work that may not be related to the discovery conferences and sanctions motion (e.g., reviewing correspondence). The Court therefore reduces Mr. Kleinsasser's hours from 73.9 hours to 66.51 hours, and Mr. Hendrix's hours from 46.6 hours to 41.94 hours.

The Court turns next to Plaintiff's counsel's hourly rates. Plaintiff's counsel Matthias Kleinsasser is a shareholder at the law firm Winstead PC and has been practicing law in Texas since 2010. Hughes Decl. ¶ 4; Declaration of Matthias Kleinsasser ¶ 2. Plaintiff's counsel Jared Hendrix is an associate at Winstead who has been practicing law in Texas since 2021. Hughes Decl. ¶ 6. To support the requested hourly rates, Plaintiff's counsel relies on the experience of attorney Christopher Hughes,

3

who is familiar with the market rates in the Eastern District of California, and case law from the Eastern District of California. *See id.* ¶¶ 24-25. The Court notes that in the Court's January 31, 2025 order granting reasonable expenses, the Court found the hourly rates of $620 for Shareholder Attorney Kleinsasser and $370 for Associate Attorney Hendrix reasonable. 1/31/2025 Order. Here, Plaintiff is requesting increased hourly rates of $675 for Shareholder Attorney Kleinsasser and $410 for Associate Attorney Hendrix. Hughes Decl. ¶ 21. Plaintiff acknowledges that Winstead has increased their rates for the 2025 year, and believes that the rates requested are still reasonable. *Id.* ¶ 25.

The Court finds that hourly rate of $675 for Mr. Kleinsasser, a shareholder attorney with fifteen (15) years of experience, to be reasonable and reflect the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013) (approving a partner hourly rate of $650). The Court does not find, however, the requested $410 hourly rate for Mr. Hendrix, an associate with three (3) years of experience, to be reasonable for the relevant community as this rate reflects the rate for associates with more experience. *See Am. Multi-Cinema*, 2024 WL 1312209 at *3 (awarding $375 per hour for associate attorneys); *Gong-Chun*, 2012 WL 2872788 at *23 (awarding between $300 and $420 per hour for associates); *Velasco*, 2013 WL 5755054 at *12 n.4 (approving a junior associate hourly rate of $395). As previously found, a $370 hourly rate for Associate Attorney Hendrix is reasonable and will also be awarded here. *See* 1/31/2025 Order.

The Court also notes that Plaintiff could have sought reimbursement for its reasonable costs, but did not and only requested reimbursement for its attorney's fees for two of its three attorneys.

Pursuant to Rule 37(b)(2)(C), the Court therefore orders Defendants to pay Plaintiff's reasonable expenses in the amount of $60,412.05, which represents 66.51 hours for Mr. Kleinsasser at a $675 hourly rate and 41.94 hours for Mr. Hendrix at a $370 hourly rate, to Plaintiff within twenty-one (21) days from the date of this order.

## **ORDER**

IT IS HEREBY ORDERED THAT:

1. Plaintiff is awarded its reasonable expenses in connection with the discovery conferences held on February 18, 2025, and April 3, 2025, and in preparing and prosecuting Plaintiff's motion for sanctions in the amount of $60,412.05, which must be paid by Defendants within twenty-one (21) days of the date of this order; and

2. Defendants shall simultaneously file a notice with the Court once payment is made.

Dated: August 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, unit.1718.24