UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNIT 53, INC.,

Plaintiff,

v.

RUN ROADLINES, INC., et al.,

Defendants.

No. 2:24-cv-01718-DJC-CSK

ORDER

Pending before the Court is Z Blinds Company, SA9 Properties, LLC, Levon Zekian and Sam Behpoor's ("Defendant-Intervenors") motion to intervene in the instant action.  Intervenors are assignees of a right to foreclose on the property at 3515 South Street, Route 99, West Frontage Road, Stockton CA 95215 (the "Property") following a $1.2 million loan agreement between Defendant and non-party PACT Capital.  Defendant-Intervenors seek to intervene to prevent any judgment entered avoiding the conveyance of the transfer of the Property by Plaintiff.[1]

---

[1] Intervenors filed a Request for Judicial Notice for three exhibits: (1) Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement" for the Property; (2) Assignment of Deed of Trust for the Property; (3) Notice of Default and Election to Sell Under Deed of Trust for the Property. (RJN (ECF No. 89).)  Under Federal Rule of Evidence 201(b)(2), a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  The Court GRANTS Intervenors' Request.  *See Sears*

1

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and existing parties to the litigation do not adequately represent the movant's interest.

## DISCUSSION

There are four elements courts assess when weighing a motion for intervention under Rule 24(a):

> (1) [T]he application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted). These factors are assessed liberally in favor of the movant. *See Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995). Courts take well-pleaded, non-conclusory allegations in a motion to intervene as trust, absent sham, frivolity, or other objections. *Sw. Ctr. for Biological Diversity,* 268 F.3d at 820.

### I.    Timeliness

Timeliness is "the threshold requirement" for intervention as of right. *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted). When considering a movant's timeliness, a court considers the stage of the

---

*v. Rocket Mortgage, LLC,* No. 2:25-cv-00409, 2026 WL 369801, at *2 (E.D. Cal. Feb. 10, 2026) (taking judicial notice of a deed of trust, assignment of deed of trust, and notice of default and election to sell under deed of trust because they were public documents with existence and contents that could be accurately and readily determined).

proceeding, prejudice to other parties, and the reasons for and length of any delay in filing. *United States v. State of Or.,* 913 F.2d 576, 588 (9th Cir. 1990).

First, Plaintiff describes the length of the delay as approximately four and a half months but also notes that a *lis pendens* was filed against the Property in August 2024, which would make the length approximately twelve months. The intervenors argue that their deed of trust was recorded prior to the instant suit and prior to the *lis pendens* so they did not need to check the title until after the position was secured. The time period of a delay is measured from "the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." *United States v. State of Washington,* 86 F.4th 1499, 1503 (9th Cir. 1996). Here, given the *lis pendens*, the Court finds that the length of delay weighs slightly in favor of Plaintiff.

Considering the phase of litigation the litigation is approaching the judgment stage, but judgment has not yet been entered. Although intervention post-judgment is generally disfavored, that alone is not dispositive. *See Cabrera v. IndyMac F.S.B.,* No. 5:18-cv-00124-VAP-SP, 2020 WL 2083971, at *5 (C.D. Cal. Feb. 5, 2020) (noting that a motion to intervene post-judgment is generally disfavored but that such entry prior to the application to intervene is not dispositive). Moreover, the circumstances of the default judgment are centered on Defendants' failure to comply with discovery requests rather than any substantive issue. *See League,* 131 F.3d at 1303 (explaining that courts should consider whether the district court has substantively and substantially engaged the issues in the case). Turning to prejudice, Plaintiff has explained the challenges it has faced in obtaining payment from Defendants but has not adequately explained how the timing of the Intervenors' motion creates prejudice. *See Kalbers v. United States Dep't of Justice,* 22 F.4th 816, 825 (9th Cir. 2021) (explaining that "the fact that including another party in the case might make resolution more 'difficult[]' does not constitute prejudice."). On balance, these factors weigh in favor of finding the motion to intervene to be timely.

**II.    Remaining Elements**

Next, the Court considers the remaining Rule 24 factors.  First, Intervenors have a significantly protectable interest in the Property as first position lienholders on the Property with a borrower who is a defendant in the instant action, Defendant 3515 Hwy 99.  *See Fed. Agricultural Mortg. Co., v. Assemi Bros., LLC,* 783 F. Supp. 3d 1250, 1256 (E.D. Cal. 2025).

Turning to practical impairment, courts should "follow the guidance of [the] Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Biological Diversity,* 268 F. 3d at 822 (citation omitted).  Here, Plaintiff contends that Intervenors have the ability to protect their interests in the Property in the context of the related lawsuit (Case No. 2:25-cv-01205-DJC-CSK) such that they face no impairment in the instant matter.  Intervenors contend that a default judgment in this case could impact their interests in the related case.  Given the practicality of allowing Intervenors to reconcile the issues of avoidance and conveyance causes of action the Court errs on the side of allowing intervention.

Finally, the Court finds that Intervenors' interests are not adequately represented by any of the Parties in the suit.  To the extent the Plaintiff contests intervention based on the lack of pleading, the Court finds it has been "apprised of the grounds for the motion." *Beckman Industries v. Int'l Ins. Co.,* 966 F.2d 470, 474 (9th Cir. 1992); *see Westchester Fire Ins. Co. v. Mendez,* 585 F.3d 1183, 1189 (9th Cir. 2009) (noting that interest in a case does not disappear due to failure to comply with Rule 24(c)).  Thus, the Court finds intervention appropriate.

////

////

////

////

**CONCLUSION**

For the reasons discussed above the Court GRANTS the Motion to Intervene (ECF No. 86).

IT IS SO ORDERED.

Dated:   **March 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE