UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIT 53, INC.,<br>Plaintiff,<br>v.<br>RUN ROADLINES, INC., et al.,<br>Defendant. | Case No. 2:24-cv-01718-DJC-CSK<br><br>FINDINGS & RECOMMENDATIONS RE: DEFAULT JUDGMENT TERMS<br><br>(ECF No. 85) |

Pending before the Court is Plaintiff Unit 53, Inc.'s supplemental brief regarding proposed terms of default judgment. [1] (ECF No. 85.) On August 25, 2026, Defendants Run Roadlines, Inc., Manpreet Randhawa, and 3515 Hwy 99 were provided an opportunity to respond to Plaintiff's supplemental brief within 21 days and were warned that a failure to respond would be construed as non-opposition to the terms of default judgment. (ECF No. 104.) Defendants failed to respond to Plaintiff's supplemental brief. *See* Docket.

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Facts

On June 17, 2024, Plaintiff filed a complaint for breach of a shipping container lease and to recover real property from Defendants. Compl. (ECF No. 1). Plaintiff entered into a lease agreement with Defendant Run Roadlines, Inc. ("RRI") where Plaintiff leased 650 shipping containers. Compl. ¶ 14. Plaintiff alleges that Defendant RRI has failed to make any payments and owed nearly $5 million at the time of filing the action. *Id.* ¶ 18. In response to Plaintiff's concerns that Defendant RRI was months behind on payment, Defendant RRI granted Plaintiff an exclusive option to secure a deed of trust on Defendant RRI's real property. *Id.* ¶ 20. Plaintiff exercised the option, but Defendant RRI instead encumbered the real property with a third party's lien to Farmers & Merchants Bank. *Id*. ¶ 21.

Plaintiff expressed concerns about this to Defendant Manpreet Randhawa, one of Defendant RRI's principals, who agreed to execute a personal guaranty for Defendant RRI's obligations under the lease. *Id*. ¶¶ 22-25. However, Plaintiff alleges that after executing the guaranty, Defendant Randhawa started fraudulently transferring Defendant RRI's property to Defendant 3515 Hwy 99 LLC. *Id.* ¶¶ 26-28. Plaintiff alleges that Defendant Randhawa formed 3515 Hwy 99 shortly after executing the guaranty. *Id*.

## B. Procedural Posture

Plaintiff Unit 53, Inc. commenced this action by filing a Complaint against Defendants RRI, Manpreet Randhawa, and 3515 Hwy 99, LLC on July 17, 2024. (ECF No. 1.) Defendants answered on July 24 and July 26, 2024. (ECF Nos. 8, 10, 11.) On April 29, 2025, Plaintiff filed a motion for sanctions for failure to comply with discovery obligations and the Court's prior orders. (ECF No. 68.) On July 7, 2025, the undersigned issued Findings and Recommendations to grant Plaintiff's motion for sanctions and strike Defendants' answers. 7/7/2025 Findings and Recommendations at 19 (ECF No. 78). It was further recommended that Plaintiff be provided the opportunity to file a supplemental brief regarding the terms of default judgment, including calculations of the amount of

damages, prejudgment interest, and permissible costs within 21 days of the district court's ruling on the Findings and Recommendations. *Id*. On August 7, 2026 the district court adopted the undersigned's Findings and Recommendations. 8/7/2025 Order (ECF No. 83). Plaintiff filed its supplemental brief on August 27, 2025. (ECF No. 85.)

On August 28, 2025, Intervenor Z Blinds Company, SA9 Properties, LLC, Levon Zekian, and Sam Behpoor moved to intervene as defendants. (ECF No. 86.) On September 5, 2025, the Court vacated the scheduled deadline for Defendants to respond to Plaintiff's supplemental brief, which would be reset pending ruling by the district court on the motion to intervene. (ECF No. 90.) On March 16, 2026, the district court granted the motion to intervene. 3/16/2026 Order (ECF No. 99). On August 24, 2026, the district court granted Intervenors' stipulation to withdraw intervention and dismiss as parties. 8/24/2026 Order (ECF No. 103).

On August 25, 2026, the undersigned ordered Defendants to respond to Plaintiff's supplemental brief regarding the terms of default judgment within 21 days. (ECF No. 104.) Defendants were warned that a failure to respond would be interpreted as a non-opposition to the terms of default judgment. *Id*. Defendants never responded to Plaintiff's supplemental brief. *See* Docket.

## II. DISCUSSION

Plaintiff's supplemental briefing on the terms of default judgment highlights remedies for three of Plaintiff's nine causes of action: (1) breach of contract against Defendant RRI; (2) suit on guaranty against Defendant Randhawa; and (3) avoidance of intentional fraudulent transfer under the California Uniform Voidable Transfers Act against Defendant 3515 Hwy 99. Pl. Supp. Br. at 9-10 (ECF No. 85). The supplemental brief clarifies that Plaintiff requests default on each of its claims for relief. The Court will first address each of the three highlighted causes of action and then turn to =Plaintiff's request for punitive damages in its civil conspiracy claim.

/ / /

/ / /

**A. Breach of Contract**

1. <u>Principal Owed on the Lease Agreement</u>

Plaintiff seeks $7,829,775 in past-due rent and storage and handling costs pursuant to the terms of the lease signed between itself and Defendant RRI. Pl. Supp. Br. at 11. Plaintiff entered into a lease agreement with Defendant RRI effective January 13, 2023 for a term of five years at a rate of $340 per month per shipping container for 650 containers. Pl. Supp. Br. Decl. § 4; Pl. Supp. Br. Ex. A (ECF No. 85-1 at 23). This increases to $221,000 per month, which is the total monthly lease for 650 shipping containers at  $340 per month. Pl. Supp. Br. at 11. Defendant RRI failed to make a single payment under the lease and remained in default since payment was first due on the lease. Pl. Supp. Br. Decl. ¶¶ 4, 7 (ECF No. 85-1 at 2). Plaintiff attests that Defendant owed $4,453,824 in past-due rental payments at the time the action was filed, which increased to $7,829,775 on August 27, 2025, at the time the declaration was filed. *Id.* ¶¶ 8, 23. The Court finds that these values are supported by Plaintiff's affidavit and supporting documents. See Pl. Supp. Br. Ex. B (ECF No. 85-1 at 26); *see also Barbee v. DNSPWR2 LLC*, 2020 WL 6585666, at *4 (D. Ariz. Nov. 10, 2020) (citing *Vogel v. Rite Aid Corp*., 992 F. Supp. 2d 998, 1014 (C.D. Cal. 2014)) ("A plaintiff need not submit voluminous evidence to support a claim for damages; a declaration or affidavit from the plaintiff describing the factual allegations that support a damages award will suffice."). Accordingly, the Court recommends granting relief for Plaintiff against Defendant RRI for breach of contract in the sum of $7,829,775 in outstanding rental payments up to August 27, 2025in principal owed on the lease agreement.

2. <u>Contractual Interest</u>

Plaintiff seeks interest from Defendant RRI at a rate of 18 percent per annum, per Section 14(b) of the lease. Pl. Mot. Ex. A § 14(b) (ECF No. 85-1 at 18). California law provides that "any legal rate of interest stipulated by contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or another new obligation." Cal. Civ. Code. § 3289(a); *see also Center Capital Corp. v. Executive Air*

*Sols., Inc.*, 2010 WL 11414287, at *7 (C.D. Cal. Mar. 8, 2010) (allowing plaintiff to recover prejudgment interest at a rate previously stipulated by contract at 18 percent). Plaintiff attests the accumulated interest is $1,928,173. Pl. Supp. Br. at 11. Plaintiff also attests there is a per diem interest rate of $3,861 until judgment is entered. *Id*. However, the Court declines to apply additional interest because ruling on the terms of default judgment was delayed due to intervening parties, resolution of the involvement of the intervening parties, and withdrawal of counsel. (ECF Nos. 86-97, 99-103.) Therefore, the Court recommends awarding Plaintiff $1,928,173 in interest.

3. Remaining Amount Owed

Plaintiff attests it is entitled to damages from the remaining amount owed on the lease between itself and Defendant RRI, which is $6,630,000 from October 1, 2025, to March 31, 2028. Pl. Supp. Br. at 11 (citing Pl. Supp. Br. Decl. ¶ 25). The Court finds that this value is supported by the affidavit and recommends awarding the remaining amount owed on the lease for Plaintiff.

4. Attorneys' Fees

Plaintiff seeks $600,000 in attorneys' fees pursuant to section 9(b) of the lease, which Plaintiff indicates includes the $94,885.55 amount in fees this Court previously awarded. Pl. Supp. Br. at 12; *see also* ECF Nos. 44, 84. The Court has already awarded Plaintiff $94,885.55 in fees, and the analysis below is limited to the remaining $505,114.45 sought by Plaintiff.

a. *Contractual Authorization of Attorneys' Fees*

California Civil Code Section 1717 governs attorneys' fees for contractual actions. *See* Cal. Civ. Code § 1717. An action arises on a contract for the purposes of Section 1717 if "(1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney's fees clause." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th, 230, 242 (2012).

The Complaint arises out of the initial leasing agreement between the parties. (ECF No. 1 ¶¶ 15-18.) Each of Plaintiff's nine causes of action result from the initial breach of contract due to Defendant RRI's failure to make payments on the lease agreement. *Id*. ¶¶ 29-66. Thus, the Court concludes that these causes of action are "intertwined with the contracts at issue, [or] concern actions significantly related to the contract." *Becker v. Wells Fargo Bank, NA, Inc*., 2014 WL 7409447, at *6 (E.D. Cal. Dec. 30, 2014).

The leasing agreement provides that the customer agrees to pay "any expenses and costs," including "reasonable legal fees and disbursements, court costs, the costs of appellate proceedings, and any other reasonable costs of litigation," that Plaintiff incurs while "establishing, enforcing, or defending: (i) any of its rights or remedies under this Lease… or (ii) an provision of this Lease, or (iii) any of the Customer's obligations under this lease." Pl. Supp. Br. Ex. A § 9(b). The Court concludes that this case satisfies the requirements under Section 1717.

b. *Reasonableness of Attorneys' Fees*

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502

(9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Here, Plaintiff does not provide any documentation to substantiate its claims that it is owed the remaining $505,114.45 in attorneys' fees. *See Dunn v. Coleman*, 2021 WL 12174982, at *4 (C.D. Cal. Aug. 26, 2021) (denying request for attorneys' fees without prejudice for insufficient billing records and information to determine reasonableness.). Therefore, the Court cannot determine whether the request for attorneys' fees is reasonable under the "lodestar" method and recommends denying Plaintiff's unsubstantiated request for the $505,114.45 sought not previously awarded by the Court.

5. Summary of Damages

In short, the Court recommends that Plaintiff be awarded damages for breach of contract in $7,829,775 in principal under the lease agreement, $1,928,173 in prejudgment interest, and $6,630,000 in the remaining amount owed, totaling $16,387,948.

**B. Guaranty Liability**

Plaintiff requests the Court find Defendant Randhawa jointly and severally liable for being a guarantor on the lease between Plaintiff and Defendant RRI. Pl. Supp. Br. at 9, 12. In support, Plaintiff has attached a copy of a personal guaranty signed by Defendant Randhawa. Pl. Supp. Br. Ex. G (ECF No. 85-1 at 51-56.) "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon default of the principal, and without demand or notice." Cal. Civ. Code § 2807. The Court concludes Defendant Randhawa is jointly and severally liable as a guarantor as to Plaintiff's breach of contract claim and judgment should be entered against Defendant Randhawa as to $16,387,948 in damages resulting from Defendant RRI's breach of contract.

### C. Fraudulent Transfer Claims

#### 1. Avoidance of the Transfer

Plaintiff seeks avoidance of the transfer of the subject property to Defendant 3515 Hwy 99 and directing it back to Defendant RRI.[2] Pl. Supp. Br. at 12. In California, a creditor may obtain relief against a transfer or obligation in the form of avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. Cal. Civ. Code § 3439.07(a). Thus, the Court recommends granting Plaintiff's request for an order deeming the transaction of the subject property between Defendants RRI and 3515 Hwy 99 void.

#### 2. Recovery of the Property

Plaintiff also requests an additional court order stating the property is to be transferred from Defendant Hwy 99 to Defendant RRI. Pl. Mot. at 13. Specifically, Plaintiff requests the Court issue an order declaring that by the terms of the default, the property is deemed transferred back to RRI and that an order may be recorded with the County Recorder to effectuate such transfer. *Id*. The Court recommends granting Plaintiff's request. *See Deitsch Plastic Co. v. Generations RE Ventures LLC*, 2025 WL 1543611, at *7 (C.D. Cal. Apr. 17, 2025) (finding Cal. Civ. Code § 3439.07(a) supported an order for reconveyance of subject property at default judgment).

### D. Civil Conspiracy Claim

Plaintiff requests punitive damages against all Defendants for his civil conspiracy cause of action. Compl. ¶ 60. In reviewing whether to assess punitive damages, the Court considers three guideposts: "(1) the degree of reprehensibility of [Defendants'] misconduct; (2) the disparity between the actual or potential harm suffered by [Plaintiff] and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."

---

[2] Plaintiff attests that granting relief here would be equally applicable to the eighth claim for relief, constructive fraudulent transfer, and ninth claim for relief, constructive trust. Pl. Supp. Br. at 12.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Neither the Complaint nor the supplemental briefing provides the Court with information to calculate punitive damages, therefore, it recommends denying Plaintiff's request. *See In re Collum*, 2011 WL 830103, at *3 (N.D. Cal. Mar. 4, 2011) (denying punitive damages on similar grounds).

## III. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Default judgment be entered in favor of Plaintiff Unit 53, Inc. against Defendant Run Roadlines, Inc. for breach of contract in the amount of $16,387,948, as follows:
    a. Plaintiff be awarded $7,829,775 in principal owed on the lease agreement;
    b. Plaintiff be awarded $1,928,173 in prejudgment interest;
    c. Plaintiff be awarded $6,630,000, which is the amount owed for the remainder of the lease term;
    d. Plaintiff's request for $505,114.45 in additional attorneys' fees be DENIED.
2. Judgement be entered in favor of Plaintiff against Defendant Randhawa for guaranty liability in the amount of $16,387,948.
3. Judgement be entered in favor of Plaintiff against Defendant 3515 Hwy 99 for avoidance of intentional fraudulent transfer under the California Uniform Voidable Transfers Act.
    a. The transfer of the subject real property between Defendant 3515 Hwy 99 and Run Roadlines, Inc. be declared void.
    b. The subject real property is deemed transferred back to Defendant Run Roadlines, Inc. and that an order may be recorded with the county recorder to effectuate such transfer.
4. Plaintiff's request for punitive damages be DENIED.

5. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 19, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, unit.1718.24.finalize.def.j